*HENDERSON* & *AL*. vs. *MORGAN*.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the court. The plaintiffs state, the defendant, sheriff of the parish, is about levying certain writs, on a lot, their property, pretending it belongs to West, the person against whose property these writs are directed. They obtained a provisional injunction.

The answer averred, that the deed from West, under whom the plaintiffs claim, is void against his creditor.

The bank of Louisiana and the syndics of the creditors of West intervened, and prayed that the sale under which the plaintiffs claim, may be annulled and set aside.

The plaintiffs' petition was dismissed, and they appealed.

The statement of facts shows, that West's deed to Fort, the president of the branch of the bank of the United States in New-Orleans, dated November 21, 1825, was accepted by the latter, at the plaintiffs' request, for the

*A conveyance, to secure, at the eve of bankruptcy, a creditor, to the injury of others, is* frau- dulent, *and will be set aside.*

East'n. District.
June, 1826.

HENDERSON
& AL.
vs.
MORGAN.

purpose of re-conveying the premises to them, as some security against their liability, as West's sureties, for a defalcation of $23,220, in his account as cashier of the branch bank. That this was the consideration of the conveyances from West to Fort, and Fort to the plaintiffs. West was, besides, liable to the bank for another sum of $20,000, for which the plaintiffs were not responsible, as he had taken it before they became his bondsmen. West then owed to the bank of Louisiana $10,800, to the Mississippi Marine and Fire Insurance Company $6800, to Reynolds, Byrne & Co. $6000, to Wilkins & Linton $6342, to the bank of Orleans $5400.

On the 23d and 26th of October, 1825, West fraudulently took from the bank of which he was cashier, $23,220. The discovery of his fraudulent conduct was made on the 21st of November, 1825, the day on which he executed the deed to Fort, and two days after the plaintiffs, being responsible as West's sureties, paid the sum they were bound for, and received a conveyance from Fort. West absconded on the 23d of November, and on the same day, after the plaintiffs had taken possession of the premises, they were seized

East'n. District,
June, 1826.

HENDERSON
& AL.
vs.
MORGAN.

by the defendant. On the same day, a warrant issued from the district judge of the United States against West; but he was not taken, and his place of refuge is unknown. George Johnston has been appointed the syndic of his creditors.

West's note to the bank of Orleans is of September 25, 1825, at sixty days; that to Reynolds, Byrne & Co. is payable the 1st of January, 1826; so is that of Wilkins & Linton.

The object of West, in making, of Fort in receiving, and the plaintiffs in soliciting, the conveyance, under which the latter claim, most evidently was to give and obtain a security, at a time when West was evidently unable to discharge the debt he had incurred to the bank by his dishonest conduct, and thus to give his sureties a preference over his other creditors, whom he was unable to pay. This the law forbids. *Civil Code*, 1965—1981. *Hodge* vs. *Morgan*, vol. 2, 61; *Acts of* 1817, *p.* 136, § 24.

The plaintiffs' counsel urges, there is no evidence of West's insolvency: his flight was owing to the criminal process out against him He relies on *Part.* 5, 15, 10, which gives the

HENDERSON
& AL.
*vs.*
MORGAN.

right to a creditor who overtakes his debtor flying, to seize the property the debtor is carrying away, to the amount of the debt, without being bound to divide it with the other creditors.

The record shows, West owed very large debts, and the anxiety of the plaintiffs to procure the deed, is some presumption that at least, in their opinion, this measure was necessary to their security : besides, while such large sums appear due, those who allege the solvency, should show the existence of property sufficient to discharge them. *Civil Code, art.* 1980.

The law of the *Partidas* offers a reward to the creditor who arrests a debtor who flies : it authorises him to take, to the amount of his debt, the goods the debtor is carrying off *with him.*

Here the plaintiffs did not endeavor to arrest West : they seized nothing he was carrying with him, indeed nothing that he could carry off; but they made with him a bargain which the law reproves, by which they sought to gain an advantage over their co-creditors. The district court did not err in disregarding their claim.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

*Grymes and Eustis* for the plaintiffs, *Livermore* for the defendant.